UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RHONDA SANDERS**                                            **CIVIL ACTION**

**VERSUS**

**ALLSTATE INDEMNITY COMPANY**                     **NO. 16-122-JJB-RLB**

## ORDER

Before the Court is Defendant's Motion to Compel Discovery (R. Doc. 12) filed on June 15, 2016. Defendant represents that Plaintiff had not timely responded to interrogatories and requests for production propounded on March 2, 2016. Defendant seeks an order requiring Plaintiff to fully respond to the interrogatories and requests for production, and providing an award of expenses, including reasonable attorney's fees.

In light of Defendant's representations and the relief sought, the Court ordered Plaintiff to file any response to Defendant's Motion on or before June 24, 2016. (R. Doc. 13).

On June 27, 2016, Plaintiff filed a memorandum representing that she provided discovery responses after Defendant filed the instant motion, and suggesting that the motion should be denied as moot. (R. Doc. 14). Plaintiff attaches to her memorandum her responses to Defendant's interrogatories on June 16, 2016 (R. Doc. 14-1) and her responses to Defendant's requests for production on June 24, 2016 (R. Doc. 14-2).

To the extent Defendant seeks an order compelling responses to the outstanding discovery, the motion is **GRANTED**. Based on the representations of Plaintiff and the attached responses, no further production is necessary pursuant to this Order. The Court makes no specific finding regarding the sufficiency of any response.

The Court now turns to whether Plaintiff should be ordered to pay any expenses or fees associated with the instant motion. Rule 37 provides that if a motion to compel "is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court must not order this payment, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

There is no question that the responses were not provided until after the filing of the Motion. Defendant submits a certification that counsel "has conferenced this dispute by telephone with counsel for plaintiff on several occasions as evidenced in the attached correspondence and email communication (Exhibit C)." (R. Doc. 12-3). The attached exhibit indicates that Defendant provided an extension to respond to May 4, 2016 and another extension to respond to May 9, 2016. (R. Doc. 12-6 at 2-3). The attached exhibit further provides that on May 13, 2016, Plaintiff's counsel represented that discovery responses would be provided "on final approval from the client." (R. Doc. 12-6 at 4-5). The Motion does not provide the Court with any indication as to the reason for any additional delay following the last response by Plaintiff's counsel or any follow-up between the parties in an attempt to resolve this without Court action. Nothing in the attached exhibit or elsewhere indicates that the parties engaged in any further discussions prior to the filing of the Motion.

In addition, nothing has been provided to the Court to determine any specific amount of expenses or fees incurred in bringing the Motion.  The Motion is one sentence long and the Memorandum in Support is approximately one page of text.  Based on the foregoing, the Court determines that each party shall bear their own costs.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 12) is **GRANTED IN PART** to the extent it seeks responses to the outstanding discovery and **DENIED IN PART** in that each party shall bear its own costs.

Signed in Baton Rouge, Louisiana, on June 27, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**