UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RHONDA SANDERS**                                              **CIVIL ACTION**

**VERSUS**

**ALLSTATE INDEMNITY COMPANY**                    **NO. 16-122-JJB-RLB**

### ORDER

Before the Court is Defendant's Motion to Reconsider and Amend Discovery Order (R. Doc. 16) filed on June 28, 2016. No opposition has been filed.

On June 15, 2016, Defendant filed a Motion to Compel Discovery (R. Doc. 12), in which Defendant represented that Plaintiff did not timely respond to interrogatories and requests for production propounded on March 2, 2016.

On June 27, 2016, Plaintiff filed a memorandum representing that she provided discovery responses after Defendant filed the motion to compel, and suggesting that the motion to compel should be denied as moot. (R. Doc. 14). On June 28, 2016, the Court granted Defendant's Motion to Compel (R. Doc. 12) to the extent it sought responses to the outstanding discovery, but denied an award of expenses. (R. Doc. 15). The Court specifically stated that it made no finding regarding the sufficiency of any of Plaintiff's responses. (R. Doc. 15 at 1).

Through the instant motion, Defendant argues that Plaintiff's untimely responses to Interrogatory Nos. 8, 9, and 11 are incomplete. (R. Doc. 16-1 at 2-3). Defendant further represents that on June 28, 2016, Plaintiff's counsel agreed that more complete answers to certain discovery requests would be provided, but did not commit to a date for providing those

responses. (R. Doc. 16-1 at 3). Defendant moves the Court "to set a definite time frame for complete responses" to Defendant's written discovery requests. (R. Doc. 16-1 at 3).

Defendant also asserts, for the first time, that Plaintiff did not provide timely initial disclosures. This was not raised in the Motion to Compel or addressed in the Court's prior order, and the Court will not do so in the context of the instant Motion for Reconsideration.

Considering the procedural posture of the instant discovery dispute, the representations in the Motion, and the need to maintain the deadlines previously set, the motion (R. Doc. 16) is **GRANTED IN PART AND DENIED IN PART**.

On or before **July 26, 2016**, the parties are directed to confer regarding the sufficiency of the discovery responses at issue in this Motion, including any deficient initial disclosures, in an attempt to resolve this matter without further Court involvement. The Lead Attorney as of the date of this Order shall participate in the conference.[1]

Should Plaintiff agree that supplemental responses are warranted, those responses shall be provided on or before **July 29, 2016**.

To the extent Defendant believes that Plaintiff's initial disclosures and/or responses to written discovery responses remain inadequate, Defendant may seek to compel such disclosures and/or responses pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.[2] Any such motion shall include a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

---

[1] The Motion references a telephone conference and agreement to provide supplemental responses made by plaintiff's counsel "Jarred Shick." (R. Doc. 16-1 at 3). Assuming that this attorney is admitted to practice law in the Middle District of Louisiana, he has not enrolled in this matter.

[2] As requested by the parties in their Joint Status Report (R. Doc. 6), the Court set the deadline to complete non-expert discovery and file discovery related motions on September 28, 2016. (R. Doc. 10).

To the extent Defendant seeks any additional relief not addressed above, the motion is denied.

Signed in Baton Rouge, Louisiana, on July 21, 2016.

                                         _____
                                         **RICHARD L. BOURGEOIS, JR.**
                                         **UNITED STATES MAGISTRATE JUDGE**